UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ANTHONY WAYNE OLIPHANT           :
                                 :            PRISONER
     v.                          :  Case No. 3:09CV557(WWE)
                                 :
WARDEN JEFFREY McGILL and        :
RICHARD BLUMENTHAL               :
```

MEMORANDUM OF DECISION

On April 14, 2009, the Court ordered petitioner to show cause why he should be excused from exhausting his state remedies before seeking a writ of habeas corpus in federal court. Petitioner now seeks reconsideration of that order along with appointment of counsel, release from custody and an evidentiary hearing. For the reasons that follow, petitioner's motions will be denied.

I.   Motion for Reconsideration [Doc. #4]

Petitioner seeks reconsideration of the order that he show cause why he should be excused from exhausting his state court remedies. Motions for reconsideration will be denied unless the moving party can identify controlling decisions or facts that the Court overlooked which would be expected to alter the Court's conclusion. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Petitioner argues that the Court overlooked the evidence attached to his petition to support his assertion that his arrest was illegal because Hamden police officers went into New Haven to arrest him. He also argues that he has provided evidence that

the arrest warrant application was signed by "'non-existant' Meriden, G.A. #7, State's Attorney." Pet'r's Mem., Doc. #4-2, at 1-2. Petitioner contends that this case should proceed pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii), which permits the Court to excuse exhaustion of state remedies if "circumstances exist that render such process ineffective to protect the rights of the applicant."

Petitioner's conclusion that his claims cannot properly be addressed in state court is insufficient to excuse exhaustion of state remedies. Evidence regarding the merits of his claims does not demonstrate why he cannot obtain relief in the state courts. Thus, the Court issued the order to show cause. Petitioner's motion for reconsideration will be denied. He shall respond to the order to show cause [Doc. #2] by May 19, 2009.

II. <u>Motion for Evidentiary Hearing [Doc. #8]</u>

Petitioner asks the Court to schedule an evidentiary hearing in this case and includes a "capitulated request for 'stay and abeyance' of all claims." The Court will deny petitioner's motion for reconsideration and has ordered him to show cause why he should be excused from exhausting his state court remedies. Until the matter of exhaustion is resolved, a request for an evidentiary hearing is premature. Petitioner's request for evidentiary hearing will be denied without prejudice.

Petitioner also asks the Court to stay all claims if he is required to return to state court. Again, that determination cannot be made until petitioner responds to the order to show

2

cause.  Petitioner's request for stay also will be denied.

III. <u>Motion for Appointment of Counsel [Doc. #3]</u>

Petitioner seeks appointment of <u>pro</u> <u>bono</u> counsel pursuant to 28 U.S.C. § 1915.  Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary.  <u>See</u> Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B).

Petitioner filed his petition with attached exhibits and now must respond to the Court's order to show cause regarding exhaustion of state remedies.  The Court cannot determine whether an evidentiary hearing is required until it reviews petitioner's response.  Thus, appointment of counsel is not warranted.  The petitioner may renew his motion if an evidentiary hearing is scheduled in this matter.

IV.  <u>Motion for Release from Custody [Doc. #7]</u>

Finally, petitioner seeks immediate release on bail or his own recognizance while the Court reviews the petition.  The relief sought in a habeas corpus action is freedom from incarceration.  If the Court were to grant petitioner's request, it would afford him the remedy he seeks before deciding the merits of his claims. <u>See</u> <u>Iuteri v. Nardoza</u>, 662 F.2d 159, 161 (2d Cir. 1981).  A petitioner is not entitled to bail unless he has a substantial claim.  <u>See</u> <u>Grune v. Coughlin</u>, 913 F.2d 41, 44 (2d Cir. 1990).  As the Court has previously explained, it cannot

reach the merits of the petition until the exhaustion issue is resolved. Thus, consideration of a request for bail is premature. Petitioner's motion will be denied.

V.  Conclusion

Petitioner's motions for reconsideration [Doc. #4], evidentiary hearing [Doc. #8], appointment of counsel [Doc. #3] and release from custody [Doc. #7] are **DENIED**. He shall respond to the order to show cause by **May 19, 2009.**

**SO ORDERED** this 1st day of May 2009, at Bridgeport, Connecticut.

                                          /s/
                                 Warren W. Eginton
                                 Senior United States District Judge