UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ANTHONY WAYNE OLIPHANT           :
                                 :              PRISONER
     v.                          :   Case No. 3:09CV557(WWE)
                                 :
WARDEN JEFFREY McGILL and        :
RICHARD BLUMENTHAL               :
```

MEMORANDUM OF DECISION

On May 1, 2009, the court ordered petitioner to show cause why he should be excused from exhausting his state remedies before seeking a writ of habeas corpus in federal court. Petitioner has filed his response along with motions to amend the response, to be released from custody, for appointment of counsel and for an evidentiary hearing. For the reasons that follow, the petition should be dismissed.

Petitioner challenges his conviction for violation of probation. He filed two state habeas actions, Nos. CV08-4002537S and CV08-4002538S, challenging this conviction. Petitioner reports that the cases remain pending.[1] See Pet. at 6-7. In this action, petitioner challenges his conviction on several grounds: the officers arresting him lacked legal authority to do so, the arrest warrant was invalid, he was denied affordable

---

[1] On August 8, 2008 the state court in CV08-4002538S dismissed Petitioner's claim that the charges underlying his arrest for violation of probation were dismissed in March 2008.

bail, he was continuously confined in isolation without access to a law library, his private attorneys withdrew, he was appointed a public defender and he was denied a speedy trial. Petitioner states that he raised these claims in the pending state habeas actions. See Pet. at 10, 12, 14, 16.

The exhaustion requirement is based on federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). It is designed not to frustrate relief in the federal courts, but to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Thus, the federal court does not assume that state courts cannot protect the constitutional rights of state litigants and will entertain unexhausted claims only in exceptional circumstances. See Slayton v. Smith, 404 U.S. 53 (1971) (absent special circumstances, federal courts should dismiss habeas petitions containing unexhausted claims).

Petitioner contends that he should be excused from exhausting his state court remedies in this case because he was not allowed to exhaust his state remedies in his challenge to his 1995 conviction for welfare fraud. Pet.'s Mem., Doc. #10-2, at 9. Petitioner is not challenging the 1995 conviction in this case. Rather, he is challenging the 2007 conviction for violation of probation. Whether petitioner was able to exhaust his state remedies on another case is irrelevant to his ability

to do so in this case.

Petitioner also states that circumstances exist that render state processes ineffective to protect his rights.  Id. at 13. He refers the court to the appendix of his petition where he details the facts leading to his arrest.  As the court stated in the May 1, 2009 ruling denying plaintiff's motion for reconsideration, evidence regarding the merits of his claims does not demonstrate why he cannot obtain habeas relief in the state courts.

Petitioner could challenge his conviction on direct appeal or in a state habeas action.  He asserted these claims in his state habeas cases which remain pending.  Petitioner has presented no evidence showing that he cannot litigate his claims in the state courts.  Contrary to petitioner's claim that this court is requiring him to file multiple state habeas petitions, he need only continue litigating the current petitions and then seek appellate review should the petitions be denied.  This court concludes that petitioner has not shown that the state remedies are inadequate to protect his rights.  Because no ground for relief has been exhausted, petitioner is not entitled to have the petition stayed.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (to avoid running of statute of limitations on exhausted claims, district court should stay exhausted claims and dismiss unexhausted claims with direction to timely complete the

exhaustion process and return to federal court).

The petition [**doc. #1**] is **DISMISSED** for failure to exhaust state court remedies. Petitioner may file a new habeas action after the exhaustion process is completed. Petitioner's motion to correct his response [**doc. #11**] is **GRANTED**. Petitioner's motions for release from custody [**doc. #12**] and appointment of counsel [**doc. #13**] are **DENIED** as moot. Petitioner's motion for evidentiary hearing and stay and abeyance of all claims [**doc. #14**] is **DENIED**.

The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 11th day of August 2009, at Bridgeport, Connecticut.

/s/
Warren W. Eginton
Senior United States District Judge