UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT


ANTHONY WAYNE OLIPHANT          :
                                :           PRISONER
     v.                         :  Case No. 3:09CV557(WWE)
                                :
WARDEN JEFFREY McGILL and       :
RICHARD BLUMENTHAL              :


                       MEMORANDUM OF DECISION

     On August 12, 2009, the court determined that petitioner failed to present evidence showing that he cannot litigate his claims in state court and dismissed this habeas corpus action for failure to exhaust state court remedies.  Petitioner now moves to alter or amend the judgment.  For the reasons that follow, the motion should be denied.

     Petitioner states that he files this motion pursuant to Fed. R. Civ. P. 59(a)(2), 59(e), 60(b)(1) and 60(b)(3).  Judgment entered on August 14, 2009.  Petitioner states that he mailed his motion on August 22, 2009, and the motion was received on August 26, 2009.  Because the motion was filed within ten days from entry of judgment, the Rule 59(e) motion to alter or amend judgment is timely.

     Motions seeking reconsideration of a judgment will be denied unless the moving party identified controlling decisions to facts that the court overlooked.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration is

not a means to reargue those issues already considered when a party does not like the way the original motion was resolved or to address facts, issues, or arguments not previously presented to the court.  See U.S. ex rel. Drake v. Norden Systems, Inc., No. 3:94cv963(EBB), 2003 WL 23319386, at *1 (D. Conn. Jun. 17, 2003)(citations omitted).  Instead, Rule 59(e) affords the court "an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice."  Id. (citation omitted).

Petitioner first argues that the court misconstrued the grounds for relief.  He now states that the grounds recited in the prior decision were the grounds he raised in state court, not the grounds upon which he now challenges his conviction. Petitioner is mistaken.

In Ground One of the petition he argues that his continued custody is unconstitutional because his arrest was illegally initiated, Hamden police officers were acting outside of their jurisdiction, he was denied the opportunity to post bail before sentencing and the bail eventually set was excessive, he was kept in isolation and denied access to a law library.  Pet. at 9 of the printed form.  In Ground Two, petitioner argues that the Hamden police officers lacked legal authority to arrest him and the Hamden and New Haven police conspired to circumvent his rights.  Pet. at 11 of the printed form.  In Ground Three, he

again argues that the Hamden police officers lacked legal authority to arrest him and the trial court permitted his third private attorney to withdraw.  Pet. at 13 of the printed form.  Finally, in Ground Four, petitioner states that the court appointed a public defender even though he did not request such an appointment, the warden denied his request for speedy trial and petitioner was not permitted to cross-examine or confront the alleged victim.  Pet. at 15 of the printed form.  Petitioner states that he raised these claims in his pending state habeas corpus actions.  All of the grounds recited in the prior ruling also are clearly stated as grounds for relief in this court.  Petitioner's claim that the court misstated the basis for his challenge to his conviction is incorrect.

  Petitioner now characterized his petition as seeking relief from violation of his right to be free from double jeopardy.  That claim is not contained in his federal petition and petitioner cannot amend his petition through his response to the court's order to show cause or by a motion for reconsideration.  Further, petitioner has not demonstrated that he cannot raise the double jeopardy challenge in his state petitions.

  Petitioner also argues that the court failed to reference materials he provided regarding the merits of his claims.  The court did not reach the merits of the petition because petitioner did not demonstrate that he was unable to address these claims in

3

his pending state habeas corpus action.  Thus, this contention is without merit.

Finally, petitioner argues that he cannot litigate his claim in state court because he is not afforded access to a law library and Inmates' Legal Assistance Program will not assist him. Petitioner attaches a letter from an attorney at Inmates' Legal Assistance Program explaining that habeas corpus actions are considered criminal matters.  Inmates' Legal Assistance Program assists inmates with civil matters only.  Legal assistance in criminal or habeas matters is provided by the Office of the Public Defender.  Petitioner was directed to contact that office. See Doc. #18, Ex. B.  It appears that he has chosen not to do so.

Petitioner has not identified any facts or controlling law overlooked by the court in the prior decision.  Thus, his motion for relief from judgment pursuant to Rule 59(e) is denied.  In addition, as petitioner has not shown any mistake by the court in the prior decision, his request pursuant to Rule 60(b)(1) is denied as well.

Petitioner also seeks relief from judgment pursuant to Rule 60(b)(3).  This rule affords relief as a result of "fraud ..., misrepresentation, or misconduct by an opposing party."  A habeas corpus petitioner moving for relief from judgment under this rule is arguing that the state obtained the judgment in the case by fraud.  See Abdur'Rahman v. Bell, 537 U.S. 88, 95 (2002).  Here,

the court has not issued an order directing the respondent to appear and address the claims in the petition.  The respondent was not responsible for the judgment.  Thus, any motion pursuant to Rule 60(b)(3) is without merit.

Petitioner also seeks a new trial pursuant to Rule 59(a)(2).  That rule, entitled "Further Action After a Nonjury Trial," applies only after a trial has occurred.  As no trial has been conducted in this case, petitioner's request for new trial is premature.

Petitioner's "Motion for New Trial/Motion to Alter or Amend Judgment Due to Mistake by the Court and Collusion/Fraud by the Respondents" [**doc. #18**] is **DENIED**.  Any appeal from this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

**SO ORDERED** this 17th day of September 2009, at Bridgeport, Connecticut.

                              /s/
                              Warren W. Eginton
                              Senior United States District Judge